[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Rand Perry, has filed the instant appeal in the Superior Court seeking judicial review of a decision of the defendant Commissioner of the State of Connecticut Department of Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of one (1) year in accordance with the administrative license suspension provisions of Connecticut's implied consent law. Conn. Gen. Stats. § 14-227b
(Revised to 1996). The defendant asserts that the appeal has no merit and urges this court to reject the plaintiff's appeal and uphold the suspension.
On July 3, 1997, a hearing was held at the Department of Motor Vehicles located in Old Saybrook. The Transcript of said hearing has been returned by the Defendant and is part of the record in this Appeal. The record reveals that on or about May 13, 1997 at 12:08 a.m. the Connecticut State Police, Troop D, received a telephoned complaint of a suspicious vehicle in the area of Woodchuck Hill and Walker Road in the Town of Canterbury Connecticut. (T 6-8; Respondent's Exhibit #1). The caller was identified as Kenneth Veit of 21 Woodchuck Hill Road. (Respondent's Exhibit #1). The caller did not describe the vehicle, or the operator of the vehicle, or the number of occupants in the vehicle. Neither did the caller provide any information regarding any criminal activity involving the vehicle or its occupants. Despite the fact that the caller had identified himself and provided a phone number which was recorded by the Connecticut State Police dispatcher, nothing in the record CT Page 3927 indicates that the Trooper, or any other law enforcement personnel, contacted the caller to further investigate the details of his complaint. (T 2-24; Respondent's Exhibit #1). While investigating this complaint of an undescribed "suspicious" vehicle, Trooper Smith observed the plaintiff's vehicle heading southbound on Water Street. (T 10-12; Respondent's Exhibit #2). This location was three and one-half miles from the area involved in the telephoned complaint of a "suspicious" vehicle. Trooper Smith followed the plaintiff's vehicle as it turned onto Bingham Road and observed the vehicle pull into a private driveway located on the road. (T 11-12). While following the plaintiff's vehicle on the public road, the Trooper was not able to observe how many persons were in the vehicle and could not identify the plaintiff as the person who was operating the vehicle. (T 12, 13, 21). The Trooper did not observe any motor vehicle violations while following the plaintiff's vehicle on the public road. (T 13, 21). The Trooper continued past the private driveway into which the plaintiff's vehicle had turned and turned his cruiser around and returned to the private driveway. (T 12, 20, 21; A-44 document). The Trooper was not sure whether he parked on the roadside or if he nosed into the driveway. (T 13). The Trooper then observed the plaintiff's vehicle in the driveway with its backup lights on. (T 12, 13, 21). The plaintiff's vehicle had not backed onto the public road at the time it was stopped. (T 12, 13, 21). When the Trooper approached the driver he noticed a "strong odor of alcohol" and the driver fumbled with his paperwork. The driver failed the tests that were administered and at that point he was placed under arrest. (T 18). After the arrest of the plaintiff, Trooper Smith transported the plaintiff to CSP-Troop D, processed him and administered breath tests on the intoximeter. The first test showed a reading of .257 and the second a reading of .233.
The plaintiff claims that:
1. The Trooper lacked probable cause for a "stop";
 2. That the Trooper lacked evidence that the appellant drove on a public street;
 3. That there was no evidence that the Trooper observed the plaintiff for fifteen minutes.
The plaintiff abandoned the third argument at the hearing before this court. Counsel candidly admitted that the argument CT Page 3928 was invalidated by Dalmaso v. DMV, 47 Conn. App. 839 (1998) decided on March 3, 1998, just three days prior to arguments in this court.
As to the plaintiff's second argument, this court is limited in its factual review by Conn. Gen. Stat. § 4-183(j). The evidence supports a finding that the Trooper saw the vehicle driven on a public street prior to its pulling into the private drive. The evidence also supports the conclusion that the plaintiff was driving the vehicle when the trooper approached it. The vehicle was admittedly out of the officer's sight for a short time while he turned his cruiser around. The facts supported a conclusion that the plaintiff had dropped off one or more passengers. This court may not substitute its judgment for the agency as to the weight of evidence on a question of fact. The court finds sufficient evidence in the record from which the hearing officer could have concluded that the plaintiff operated on a public street.
As to the plaintiff's first argument the commissioner argues that the Trooper had sufficient suspicion for a Terry stop. Terryv. Ohio, 392 U.S. 1 (1968); State v. Harrison, 30 Conn. App. 108,111 (1993). The plaintiff argues that the Trooper lacked such suspicion.
The plaintiff does not question the existence of probable cause for his arrest. He argues that there was no grounds for the "Terry stop" and therefore the arrest is tainted. Field v.Goldberg, 42 Conn. Sup. 306 (1992); State v. Scully,195 Conn. 668 (1985).
The court agrees with the appellant that the Trooper lacks sufficient "reasonable and articulable suspicion that a person has committed or is about to commit a crime". State v. Lemme,216 Conn. 172, 184. However, the court finds insufficient evidence in the record to conclude that the officer made a "Terry Stop".
In constitutional terms a "Terry Stop" is a "seizure". A person is "seized under our state constitution when by means of physical force or show of authority his freedom of movement is, restrained". State v. Hill, 237 Conn. 81, 87 (1996). The definition of "seizure" in State v. Hill under the state constitution is broader and more favorable to the plaintiff than under the federal constitution as articulated by the United States Supreme Court. In U.S. v. Kim, 25 F.3d 1426, 1430, 31 (9th CT Page 3929 Cir.), Cert. denied, 115 S.Ct. 607 (1994), the Court of Appeals held there was no seizure when a DEP agent came upon the defendant's parked car even though the agent partially blocked the defendant from leaving the car.
There is no evidence in the record that the Trooper used physical force or displayed a weapon. It is unclear whether he blocked the driveway. The Trooper testified: "I'm trying to recall if it was actually on the roadside or if I did start to nose into the driveway because that way I have my light on the scene." (T 13). There is no evidence that the Trooper turned on his emergency light, loudspeaker or siren.
Because the court finds that there was no "stop," i.e.
seizure, the court need only examine probable cause for the arrest. By the time of the arrest the officer had observed the plaintiff to be disheveled, to have a strong odor of alcohol, to speak in a slurred manner, to have difficulty finding his license, to jumble numbers, and to have failed the HGN test.
The appeal is dismissed.
BOOTH, J.